UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA          :    SECOND FINAL ORDER OF FORFEITURE
:
     - v. -                       :    02 Cr. 1543 (DLC)
:
DERRICK WILSON,                   :
     a/k/a "Dashon Wilson,"       :
     a/k/a "DeShaun Wilson,"      :
:
               Defendant.         :
:
- - - - - - - - - - - - - - - - x

          WHEREAS, on or about December 9, 2002, DERRICK WILSON,

a/k/a "Dashon Wilson," a/k/a "DeShaun Wilson" (the "defendant"),

was charged in a five-count Information, 02 Cr. 1543 (DLC) (the

"Information"), with conspiracy to distribute five kilograms and

more of mixtures and substances containing a detectable amount of

cocaine, in violation of Title 21, United States Code, Sections

812, 841(a)(1), 841(b)(1) and 846 (Count One); distributing and

possessing with intent to distribute approximately fifteen

kilograms of cocaine, in violation of Title 21, United States

Code, Sections 812, 841(a)(1) and 841(b)(1)(A) (Count Two);

conspiracy to distribute 100 kilograms and more of mixtures and

substances containing a detectable amount of marijuana, in

violation of Title 21, United States Code, Sections 812,

841(a)(1) and 841(b)(1)(B) (Count Three); conspiracy to launder

the proceeds of narcotics trafficking, in violation of Title 18,

United States Code, Sections 1956(a) and (h) (Count Four); and

illegal possession of a firearm that had been transported in

interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1) (Count Five);

　　　　　WHEREAS, the Information included a forfeiture allegation requiring the defendant to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting and derived from any proceeds said defendant obtained directly or indirectly as a result of the alleged offenses and any property used to facilitate the commission of the violations alleged in Counts One through Five of the Information, including, but not limited to a sum of money equal to approximately $6,000,000 in United States currency, representing the amount of proceeds obtained as a result of the charged offenses, distribution of controlled substances and the conspiracy to distribute controlled substances offenses (the "Money Judgment") and including but not limited to all of the defendant's right, title and interest in the following:

　　　　(A)　Approximately $596,765 in United States currency, in that such sum constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense, distribution of controlled substances and the conspiracy to distribute controlled substances

　　　　(B)　All United States currency, precious gemstones, precious metals, and jewelry recovered on or about October 15, 2002 from the residence of the defendant, located in Fort Lee, New Jersey, which includes five Rolex watches with a total of approximate value of $50,000;

(collectively, the "Previously Forfeited Property");

WHEREAS, on or about December 9, 2002, the defendant pled guilty to Counts One through Five of the Information pursuant to an agreement with the Government (the "Plea Agreement");

WHEREAS, pursuant to the Plea Agreement, the defendant agreed to forfeit to the Government, all of his right, title and interest in a sum of money equal to $3,000,000 as the proceeds of illegal narcotics trafficking;

WHEREAS, on or about December 29, 2006, the defendant was sentenced;

WHEREAS, on December 29, 2006, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, this Court entered a Preliminary Order of Forfeiture against the defendant, final as to him, finding that the forfeitable proceeds of the offenses was at least $3,000,000, and that the defendant was liable for a personal money judgment in the amount of $3,000,000, said amount representing the amount of proceeds of the offense;

WHEREAS, on August 14, 2008, after finding that the United States was authorized, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), to seek forfeiture of the defendant's interest in the Previously Forfeited Property, this Court preliminarily ordered the defendant's interest in the Previously Forfeited Property forfeited to the United States;

WHEREAS, on June 1, 2009, this Court entered a Final Order of Forfeiture as to the Previously Forfeited Property directing that the United States of America shall and is hereby deemed to have clear title to the Previously Forfeited Property;

WHEREAS, on August 31, 2009, this Court entered an Order authorizing the Government to conduct discovery, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(m), to identify, locate, or dispose of any property subject to forfeiture under any Order of Forfeiture entered in the case, or property that may constitute substitute property under Title 21, United States Code, Section 853(p);

WHEREAS, on December 21, 2009, this Court entered a Second Preliminary Order of Forfeiture as to Specific Property (the "Second Preliminary Order," attached hereto as Exhibit A), forfeiting the following property to the United States:

    a.    1010 East Brambleton Avenue, Norfolk, Virginia 23504 ("1010 East Brambleton Avenue");

    b.    719 Roswell Avenue, Norfolk, Virginia 23504;

    c.    711 Roswell Avenue, Norfolk, Virginia 23504;

    d.    704 Wentworth Drive, Chesapeake, Virginia 23322;

    e.    1313 Marilla Lane, Chesapeake, Virginia 23322 ("1313 Marilla Lane");

    f.    3109 Taylor Road, Chesapeake, Virginia, 23321;

    g.    3255 Lakecrest Road, Virginia Beach, Virginia 23452;

      h.    1932 Gravenhurst Drive, Virginia Beach, Virginia 23464;

      i.    two parcels of undeveloped property located on Hawks Road, Smith Creek Township, Warren County, North Carolina, with Assessor's Parcel Numbers 14312-300 and 14312-301;

      j.    14 Alisa Lane, Bayshore, New York 11706;

      k.    59 Nevada Road, West Babylon, New York 11704; and

      l.    140 Great Bridge Boulevard, Chesapeake, Virginia 23320;

(collectively, the "Second Preliminary Properties");

WHEREAS, the Second Preliminary Order directed the United States to publish, for at least thirty consecutive days, notice of the Second Preliminary Order, of the United States' intent to dispose the Second Preliminary Properties and the requirement that any person asserting a legal interest in the Second Preliminary Properties to file a petition with the Court in accordance with the requirements of Title 21, United States Code, Section 853(n)(2) and (3). The Second Preliminary Order further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Second Preliminary Properties and as a substitute for published notice as to those persons so notified;

WHEREAS, notice of the Second Preliminary Order and the intent of the United States to dispose of the Second Preliminary Properties was published on www.forfeiture.gov, the official U.S. government internet site, beginning on May 27, 2010 and for

thirty consecutive days thereafter, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and proof of publication (attached hereto as Exhibit B) was filed on October 24, 2011;

WHEREAS, on or about January 7, 2010, the Government sent direct notice of the Second Preliminary Order to Xzavina Wilson, McHarris Enterprises, LLC, Derrick A. Wilson, Ebony Williams, Melanie McKee, Diane McKee, Dorothy Virginia Harris, John R. McKee, Jacqueline Brown Fields, and their attorney, Joseph Milligan, Esq. (attached hereto as Exhibit C);

WHEREAS, on or about April 26, 2010, Jacqueline Brown Fields (the "Petitioner-Fields") filed a Petition for Adjudication of Interest Under 21 U.S.C. § 853(n) (the "Fields Petition," attached hereto as Exhibit D), asserting an interest in, among other properties, the following:

    a. 1010 East Brambleton Avenue; and

    b. 1313 Marilla Lane;

WHEREAS, on or about November 9, 2010, the Court signed a Stipulation and Order of Settlement, whereby Petitioner-Fields withdrew the Fields Petition as to, among other properties, 1010 East Brambleton Avenue and 1313 Marilla Lane (attached hereto as Exhibit E);

WHEREAS, on May 12, 2010, this Court entered a Third Preliminary Order of Forfeiture as to Specific Property (the

"Third Preliminary Order," attached hereto as Exhibit F), forfeiting the following property to the United States:

    a. All proceeds traceable to the sale, in or about June 2009, from DMJ Enterprises LLC to Pernell Enterprises, Inc. of all that lot of parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 1646 Market Street, Harrisburg, PA (the "Proceeds of 1646 Market Street");

    b. All proceeds traceable to the sale, in or about June 2009, from DMJ Enterprises LLC to Pernell Enterprises, Inc. of all that lot of parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 1633 Market Street, Harrisburg, PA (the "Proceeds of 1633 Market Street"); and

    c. All proceeds traceable to the sale, in or about June 2009, from DMJ Enterprises LLC to Pernell Enterprises, Inc. of all that lot of parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 1635 Market Street, Harrisburg, PA (the "Proceeds of 1635 Market Street");

(collectively, the "Third Preliminary Properties");

WHEREAS, the Third Preliminary Order directed the United States to publish, for at least thirty consecutive days, notice of the Third Preliminary Order, of the United States' intent to dispose the Third Preliminary Properties and the requirement that any person asserting a legal interest in the Third Preliminary Properties to file a petition with the Court in accordance with the requirements of Title 21, United States Code, Section 853(n)(2) and (3). The Third Preliminary Order further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an

alleged interest in the Third Preliminary Properties and as a substitute for published notice as to those persons so notified;

WHEREAS, notice of the Third Preliminary Order and the intent of the United States to dispose of the Fourth Preliminary Properties was published on www.forfeiture.gov, the official U.S. government internet site, beginning on September 9, 2010 and for thirty consecutive days thereafter, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and proof of publication (attached hereto as Exhibit G) was filed on October 24, 2011;

WHEREAS, on or about May 13, 2010, the Government sent direct notice of the Third Preliminary Order to Derrick A. Wilson, Joseph A. Milligan, Esq., Ben Pernell, Melanie McKee, and Jacqueline Brown Fields (attached hereto as Exhibit H);

WHEREAS, on or about June 8, 2010, Ben Pernell (the "Petitioner-Pernell") filed a Petition for Adjudication of Interest Under 21 U.S.C. § 853(n) (the "Pernell Petition," attached hereto as Exhibit I), asserting an interest in the following:

    a.   1646 Market Street, Harrisburg, PA;
    b.   1633 Market Street, Harrisburg, PA; and
    c.   1635 Market Street, Harrisburg, PA;

(collectively, the "Market Street Properties");

WHEREAS, pursuant to the Pernell Petition, Petitoner-Pernell agreed to pay to the United States the amount of the promissory note made to Derrick Wilson for the purchase of the Market Street Properties;

WHEREAS, the Pernell Petition does not assert an interest in the Proceeds of 1646 Market Street, the Proceeds of 1633 Market Street, and the Proceeds of 1635 Market Street and no petitions have been filed contesting the forfeiture of those properties;

WHEREAS, these are the only persons known by the Government to have a potential interest in the Second Preliminary Properties and Third Preliminary Properties;

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to the Second Preliminary Properties and Third Preliminary Properties if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

WHEREAS, thirty (30) days have expired since final publication of notice and no petitions to contest the forfeiture have been filed with respect to the following:

    a.    1010 East Brambleton Avenue;

    b.    1313 Marilla Lane;

    c.    Proceeds of 1633 Market Street;

      d.    Proceeds of 1635 Market Street; and

      e.    Proceeds of 1646 Market Street;

(collectively, the "Forfeited Properties");

    NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

    1.    All right, title and interest in the Forfeited Properties are hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

    2.    Pursuant to Title 21, United States Code, Section 853(n)(7), the United States of America shall and is hereby deemed to have clear title to the Forfeited Properties.

    3.    The United States Marshals Service (or its designee) shall take possession of the Forfeited Properties and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

    4.    The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Michael D. Lockard, One St. Andrew's Plaza, New York, New York 10007.

Dated:    New York, New York
          ~~July __, 2012~~
          August 1, 2012        SO ORDERED:

                                              _____
                                              HONORABLE DENISE L. COTE
                                              UNITED STATES DISTRICT JUDGE